UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp |
| | : | |
| v. | : | Crim. No. 14-424 (MAS) |
| | : | |
| MARIJAN CVJETICANIN | : | |

**MOTION FOR FRYE HEARING**

The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully moves the Court to conduct an inquiry of the defendant pursuant to Missouri v. Frye, 132 S.Ct. 1399 (2012), prior to the commencement of trial on June 22, 2015.

In Frye, the Supreme Court held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance of counsel. Recognizing that this holding would create an opportunity for defendants to manipulate the process, the Court went on to suggest that trial courts consider adopting procedures to deter such mischief:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. . . . [:] formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence.

Id. At 1408-09 (emphasis added).

In this case, the Government made a formal plea offer to the defendant by letter dated March 27, 2014, and this letter was transmitted to defense counsel. Thereafter, defense counsel notified the Government that the defendant had rejected the plea offer.

In light of the Supreme Court's decision in <u>Frye</u>, the Government believes it appropriate for the Court to permit the Government to conduct an inquiry on the record designed to prevent the defendant from claiming that counsel failed to convey and advise him about the formal plea offers made by the Government, and to make a sufficient record that counsel fulfilled his obligations. Specifically, the Government would like to set forth the plea offers and conduct a brief inquiry of defense counsel on the record as follows:

1. Did you receive a proposed plea agreement dated March 27, 2014?
2. Did you provide a copy of that proposed plea agreement to your client?
3. Did you review the proposed plea agreement with your client prior to the expiration date of the plea offer?
4. Did your client reject the proposed plea agreement?

If defense counsel answers "yes" to all of those questions, the Government suggests that the Court address the defendant as follows:

> I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. The decision whether to accept or reject the proposed plea agreement is exclusively yours to make, but you should make that decision in

consultation with your attorney.  When I ask you these questions, please give me a yes or no answer to each question – nothing more

1. Do you understand what I have just told you?

2. Did you receive the proposed plea agreement dated March 27, 2014?

3. Did you have an opportunity to consult with your attorney about that proposed plea agreement?

4. Did you, in fact, reject the proposed plea agreement?

The Government believes that this proposed hearing will effectively ferret out and ameliorate any <u>Frye</u> problems without compromising or intruding upon the attorney-client relationship.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant its motion for and conduct the <u>Frye</u> inquiry.

                                                Respectfully submitted,

                                                PAUL J. FISHMAN
                                                United States Attorney

                                                By: FRANCISCO J. NAVARRO
                                                     DENNIS C. CARLETTA
                                                Assistant United States Attorneys

Date:     June 19, 2015
           Newark, New Jersey