

# Thomas Ambrosio
## ATTORNEY AT LAW

Member NJ & NY Bars

June 21, 2015

Via ECF

Honorable Michael A. Shipp
United States District Court Judge
United States District Court of New Jersey
402 East State Street, Room 7000
Trenton, NJ 08608

      Re:    USA vs. Marijan Cvjeticanin – 3:14-cr-274 (MAS)
             Renewed Motion in *Limine*

Dear Judge Shipp:

    During pretrial motions for this matter held on Thursday, June 18, 2015 Your Honor denied without prejudice the defendant's motion in *limine* to preclude from evidence certain statements made by the government's witness, Steven Weinberg during a video recorded conversation between the Defendant and Mr. Weinberg as well as a recorded telephone conversation. The defendant did not know he was being recorded either time, however, Mr. Weinberg gave consent since the video was made at the direction of the government, and he initiated the taped telephone conversation on January 10, 2013.

    Mr. Weinberg makes certain statements during both recordings, which express his opinion as to the Defendant's guilt. The government is not permitted to elicit such type of evidence from its witnesses on direct. The video statements of Mr. Weinberg are the equivalent of direct testimony. During both the video and the telephone conversations there is a discussion of another alleged un-Indicted wrongdoing. Defendant moves pursuant to Rule 404b and/or 403 to exclude these parts of the conversation.

THE VIDEO

---

The specific statements made by Steven Weinberg that defendant objects to being placed into evidence from the video are as follows:

1. Page 12[1] - "Marijan, come on, you're dealing with a major corporation that I believe was fleeced for hundreds of thousands of dollars."

2. Page 15 - "I'm going to have to explain to them, since I don't believe you, I don't believe you."

3. Page 23 – "I know now as a fact that you didn't place ads. I know that you made, in my opinion more money through this then you made in salaries here. This is my opinion."

4. Page 40 – "I'm just telling you, you are. I know that you are not telling me the truth; it's okay.

5. Page 40 – "but I don't believe it; that I believe you made money on this stuff, and that now on stock with this ship and got a figure out what to do about it. I would just appreciate the truth, but okay you don't want to give it to me, I understand that you, you, you may not want to, but that's okay."

6. Page 42 – "You owe them in money alone. In my opinion, over a quarter million dollars; probably much more."

7. Page 47 - "All right, I'll just tell you my feeling and, and that, and that's simple. That way in order to keep out what you did was you realize that you needed to get in at and you didn't have the ad. That's my belief."

8. Page 54 – "One of the greatest sayings is "the truth will set you free." And, this is; you're not being truthful with me Marijan and, and…"

9. Page 63 – "oh, I'm just sitting here going on; I think everything is fine, I'm looking at stuff. I believe you put papers in front of me that were real, that's what I believe. And I believe that you put them in front of me that were real for your own, because you were being infringed by the advertisements."

---

[1] References are to Government's Exhibit 244A, Transcript of video recording of meeting between Defendant and Steven Weinberg, 3/27/2013 – a copy has been attached to this

10. Page 66[2] - "Aside from denying it going in and out of admitting and denying it…"

And in the telephone conversation, the defense objects to the following statements by Steven Weinberg:

1. Page 11 - "I don't believe the ads were ever placed."

2. Page 11 - "…I think the ads weren't placed.  I think, I think that we alleged the ads were placed, you billed for the ads…"

3. Page 11 – "…And I think they weren't placed.  That's my thought.  I think that you profited from this!"

4. Page 13 – "And you know what I'm thinking?  I'm starting to think that you didn't place the ads."

5. Page 13 – "I believe if I investigate, it's going to be symptomatic of other things that happened."

6. Page 17 –" I understand the negligence that's going on here, but is it negligence? That's the issue; I mean God!"

7. Page 18 - "…because now I am doubting whether the ads were placed, which puts everyone in great jeopardy."

8. Page 22 – "That's my feeling, strongly. "

9. Page 23 –"So what I think is, you never placed the ad and you billed them erroneously. That's my thinking."

10. Page 37  - "..and it does not compute to be truthful and I hate to say it but it doesn't."

11. Page 42 – "It's true Marijan, come on."

---

[2] This particular statement was not made to the Defendant, but rather to an unidentified male.

750 Valley Brook Avenue | Lyndhurst NJ 07071 | 201.935.3005 |  201.935.7667 ∞ fax
tambrosio@legal750.com

The defendant submits that all of the above statements are objectionable. They express the personal beliefs of a government witness as to the guilt or innocence of the defendant. The statements are hearsay. Given the highly prejudicial nature of these statements there is no hearsay exception that allow any of these statements into evidence.

<u>Statements by Defendant – Evidence of other crimes that should be excluded</u>

In addition to the statements made by Steven Weinberg that should be excluded from evidence the Defendant also requests that the Court exclude the following colloquy between Steven Weinberg and Defendant during the March 27, 2013 video:

<u>Page 30-32</u>

WEINBERG:   That's, all of which I had, I, I'm sitting, I'm going, I can't believe that was done.  I had, the fact of the matter is, I can remember telling you "make sure the managers get every resume.  Make sure they eliminate every person who they can eliminate" and I always said one thing "I don't care if it gets approved, I just care that we do the right thing!"

MARIJAN:   That's, that's between you and me, that's okay.  That's between you and me; that I didn't strictly follow that, I agree with you, I should have.  On the other hand we would probably have a lot of problems before that.  Uh, uh…

WEINBERG:   Maybe I would have had problems, but legally I don't care!  I just care about doing the right thing; that's all I ever cared about!

The above colloquy can be construed as an admission by the Defendant that he did not provide every resume received in response to a job application. This amounts to a violation of federal law, a violation for which Defendant is not charged. This is evidence of another crime or wrong act pursuant to Federal Rule of Evidence 404(b).

The government has not made a motion to have this evidence admitted pursuant to Rule 404(b), therefore, it needs to be excluded from evidence since it is unduly prejudicial and in no way relevant to the government's burden of proving mail fraud.

The Defendant moves to have the following removed from the telephone recording and transcript as evidence of another crime or wrong, not sought by the government as admissible

750 Valley Brook Avenue | Lyndhurst NJ 07071 | 201.935.3005 |  201.935.7667 ∞ fax
tambrosio@legal750.com

pursuant to Federal Rule of Evidence 404(b).

The dialogue is on pages:

4 – 9 from where Weinberg states "Next. I spoke to you about a , a matter…" until next to last paragraph on page 9,  "….I'll get back to you."

This involves an allegation of violating Labor regulations and should be removed.

Similarly, pages  49 – 51 from Weinberg states "I have no choice to say …until "We'll stay in touch, we'll stay in touch."

Again, this involves that same uncharged conduct and should be removed.

                          Respectfully yours,

                  */s/Thomas Ambrosio*
                  */s/ Lorraine Gauli-Rufo*
                  *Attorneys for Marijan Cvjeticanin*

Attachments

Thomas Ambrosio

cc: Lorraine Gauli-Rufo, Esq. (via ECF)
Francisco J. Navarro, AUSA (via ECF)
Dennis Carletta, AUSA (via ECF)