## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARIJAN CVJETICANIN | Criminal Action No. 14-274 (MAS)<br><br>**ORDER** |

This matter comes before the Court on Defendant Marijan Cvjeticanin's motion for post-trial relief pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, and the Court, having considered the parties' arguments, decides the matter without oral argument.

In support of his motion, Defendant argues that he is entitled to a new trial because he was deprived of his Constitutional right to due process and because of prosecutorial misconduct. Defendant further argues that his decision not to testify on his own behalf was not a knowing and intelligent decision because his decision was premised on his belief that the jury would have certain newspaper exhibits during deliberations. Defendant's arguments center around the notion that the deliberating jury convicted him "without having had the opportunity to view the advertisements" that defense counsel argued in closing proved his innocence. This notion, however, is based on Defendant's mischaracterization of the facts.

The following relevant events occurred on June 25 and 29, 2015[1]:

June 25, 2015 (after the Government rested) –

- Outside the presence of the jury, defense counsel informed the Court that the only evidence Defendant sought to be admitted would be a stipulation, agreed to by the parties, and then the defense would rest. (6/25/15 Tr. 108:11-13, ECF No. 83.) The Court also confirmed with the parties and the courtroom deputy that the Court had all the trial exhibits. (*Id.* at 110:9-14.) In response, defense counsel raised an objection to the completeness of some of the Government's exhibits. (*Id.* at 110:20-111:9.) The Government had no objection to defense counsel's request. (*Id.* at 111:10-11.) No other objections were raised regarding

---

[1] The Court did not sit for trial on Friday, June 26, 2015.

the admitted evidence. Off-the-record, the courtroom deputy instructed counsel to review the admitted evidence she had in her possession that would be going with the jury into deliberations.

June 29, 2015 (after the jury was charged and closing arguments) –

- 12:07 pm: The jury was excused from the courtroom to begin deliberations. The jury was provided with all the evidence admitted at trial except the newspapers and Computer World magazines. (6/29/15 Tr. 86:8-9, 87:16-22, ECF No. 85.)

- 1:10 pm: The Court received Jury Communication #1, stating "need newspapers for Count [sic] One & Five."

- 2:07 pm: After counsel for both parties returned to the courtroom, the Court placed Jury Communication #1 on the record. Counsel agreed the best course of action was to send all the newspapers back to the jury, as well as the Computer World magazines. (*Id.* at 86:25-88:2.) The Court agreed. (*Id.* at 88:3-6.)

- 2:38 pm: The Court received Jury Communication #2, stating "What is going on? We have been waiting for over an hour!"

- 2:42 pm: The Court placed Jury Communication #2 on the record. In response, the Government stated that all the newspapers for Count One and the Computer World magazines were ready to go back to the jury. The parties, however, were still gathering the newspapers relevant to Count Five. The Government suggested sending the newspapers for Count One and the Computer World magazines back to the jury immediately, and sending the remaining materials when they were ready. Defense counsel did not object. (*Id.* at 88:22-89:6.) The Court agreed, and the newspapers for Count One and the Computer World magazines were brought to the jury.

- 2:57 pm: The Court received Jury Communication #3, stating "we have a verdict."

- 3:09 pm: The Court placed Jury Communication #3 on the record. Neither counsel requested to be heard on this communication. The Court, however, in an "abundance of caution" had the newspapers for Count Five sent to the jury for consideration before receiving the verdict.[2] (*Id.* at 89:20-90:7, 90:18-91:2, 92:9-16.) Neither party objected.

---

[2] The Government stated that all the newspapers for Count Five were ready for the jury except one that may have been "inadvertently taken back" to the United States Attorney's Office. (6/29/15 Tr. 90:8-13.) Defendant argues that this act of possibly removing evidence from the courtroom during trial constitutes prosecutorial misconduct and, therefore, Defendant is entitled to a new trial. To find Defendant is entitled to a new trial because of prosecutorial misconduct, the Court "must first be convinced that the prosecution did in fact misconduct itself." *United States v. Rivas*, 493 F.3d 131, 139 (3d Cir. 2007). Here, although the Court expects the Government to be more prepared and organized with its trial exhibits, on the facts presented, the misplacing or

2

- 3:35 pm: The Court received Jury Communication #4, stating: "WE HAVE A VERDICT."
- 3:44 pm: The Court received the jury's verdict, finding Defendant guilty on all counts.

Rule 33 of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. A district court "can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (internal quotation marks omitted). "A court must grant a motion for a new trial when a reasonable possibility exists that a trial error had a substantial influence on the verdict." *United States v. Hamilton*, No. 05-876, 2010 WL 1027412, at *1 (D.N.J. March 18, 2010) (internal quotation marks omitted). A Court will find error when the conduct in question was "sufficiently prejudicial to violate [a] defendant's due process rights." *United States v. Scarfo*, 685 F.2d 842, 849 (3d Cir. 1982).

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. The defendant seeking relief under Rule 29 bears "a very heavy burden." *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997). The court must view the totality of the evidence, resolving competing inferences and credibility issues in the prosecution's favor. *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001). If "any rational trier of fact could have found proof of guilt beyond a reasonable doubt," Rule 29 relief must be denied. *Silveus*, 542 F.3d at 1002.

---

unintentional brief removal of an exhibit from the courtroom does not constitute prosecutorial misconduct.

The core of Defendant's argument is that improper evidence handling procedures led to a due process violation when the jury rendered its verdict before receiving requested, unpublished evidence. Defendant's argument, however, mischaracterizes the timeline of events prior to the jury rendering a verdict and this Court accepting that verdict. Counsel was given an opportunity to review all evidence in the possession of the courtroom deputy on June 25, 2015, prior to the evidence going back with the jury to deliberations on June 29, 2015. Additionally, the parties were aware that due to the voluminous nature of the newspapers, those exhibits would remain in the courtroom during deliberations. As is clear from the jury communications, the jury also understood the newspapers were remaining in the courtroom and were available to them upon request. The jury received all of the Computer World magazines and the newspapers relating to Count One prior to rendering a verdict. As elicited at trial, the Computer World magazines provided an alternate theory upon which the jury could convict Defendant on all counts. Even after the jury communicated that it reached a verdict, but before the newspapers for Count Five could be delivered, the Court, in the utmost of caution, did not accept the jury's verdict. Instead, the Court brought the remaining newspapers requested to the jury, without instruction, and permitted the jury to communicate if it still had reached a verdict. Defendant did not object during any of these procedures, except as noted above.

Here, justice does not require a new trial. Although Defendant focuses on the jury communicating it reached a verdict prior to receiving the newspapers related to Count Five, the jury was able to reach a verdict any time after it began deliberating. The mere fact that the jury requested evidence and then determined it was able to reach a verdict without that evidence does not constitute an error. There is no serious danger that a miscarriage of justice occurred in this

case, and Defendant is not entitled to a new trial. Additionally, as Defendant asserts the same arguments in support of his Rule 29 motion, this Court's analysis equally applies to that motion.

Based on the foregoing, and for other good cause shown,

**IT IS** on this 6th day of August 2015, **ORDERED** that Defendant's motion for post-trial relief pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure (ECF Nos. 77, 88, 90) is **DENIED**.

                                                                   s/ Michael A. Shipp  
                                                                   **MICHAEL A. SHIPP**  
                                                                   **UNITED STATES DISTRICT JUDGE**