UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp |
| v. | : | Crim. No. 14-274 |
| MARIJAN CVJETICANIN, | : | JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

WHEREAS, the Government has applied for the entry of an Order of Forfeiture in the form of a personal money judgment against Marijan Cvjeticanin (the "Defendant");

WHEREAS, the Government gave notice in the Superseding Indictment, filed on or about September 19, 2015, that it would seek the forfeiture of property as part of any sentence; and

WHEREAS, on June 29, 2015, the jury returned a verdict of guilty against the Defendant on Counts One through Nine of the Superseding Indictment, each of which charged the Defendant with mail fraud, in violation of 18 U.S.C. § 1341;

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Government's application is granted. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, based upon the evidence presented at trial and the submissions of the parties, and for the reasons stated on the record, the Court finds that the Government has proven by a preponderance of the evidence that

-2-

the Defendant is liable for a personal money judgment in the amount of **$ 668,977.00**, representing the amount of proceeds obtained as a result of the mail fraud offenses charged in Counts One through Nine of the Superseding Indictment, of which the Defendant was convicted. The Court notes that because the advertising fees paid by ADP and Broadridge, which total $640,202, would not alter the Defendant's offense level, the Court did not include these fees in its determination of the applicable offense level during sentencing. Based on the Court's review of the evidence and testimony presented at trial, however, the Court finds that the Government has shown by a preponderance of evidence that these fees are not materially false and are thus properly included in the Court's calculation of a forfeiture money judgment. The Court reserves the right to modify this money judgment following the March 23, 2016 hearing on restitution.

2. A criminal forfeiture money judgment in the amount of **$ 668,977.00**, is hereby entered against the Defendant, pursuant to pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 8 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) (the "Money Judgment").

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey

-3-

07102, and shall indicate the Defendant's name and case number on the face of the check.

4.   Pursuant to 21 U.S.C. § 853, the Government is authorized to deposit all payments on the Money Judgment in the Department of Treasury Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.   Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

6.   The Clerk of the Court is directed to enter a money judgment against the Defendant in favor of the United States in the amount of **$ 668,977.00**.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce this Order and to amend it as necessary.   *See, e.g.*, Fed. R. Crim. P. 32.2(e).

ORDERED this 18th day of February, 2016.

_____
HONORABLE MICHAEL A. SHIPP
United States District Judge