

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*Dennis C. Carletta*  970 Broad Street, 7th floor  973-645-2767
*Assistant United States Attorney*  Newark, New Jersey 07102

March 16, 2016

The Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

        Re:    United States v. Marijan Cvjeticanin
                <u>Crim. No. 14-274 (MAS)</u>

Dear Judge Shipp:

      The Government submits this letter brief to set forth its position as to the appropriate amount of restitution that should be ordered in the above-referenced matter. A restitution hearing has been scheduled for March 23, 2016, at 2:00 p.m. However, in light of the Court's prior rulings regarding sentencing and forfeiture, the Government respectfully submits that absent new evidence or legal arguments by the Defendant, the outstanding restitution issues can be decided by the Court based on written submissions by the parties and that no hearing is necessary.

      A.    <u>Relevant Procedural Summary</u>

      The Defendant was charged in a second superseding indictment on or about September 19, 2015 (hereafter, the "Superseding Indictment"), which alleged nine counts of mail fraud, and which also contained a forfeiture allegation pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C). Trial on the allegations contained in the Superseding Indictment commenced before Your Honor on June 22, 2015. On June 29, 2015, the jury convicted the Defendant of all nine counts of mail fraud.

The Defendant was sentenced by Your Honor on February 18, 2016, to a term of imprisonment of 57 months and 3 years' supervised release. Additionally, by Judgment and Order of Forfeiture dated February 19, 2016 (the "Forfeiture Money Judgment"), the Government obtained a personal money judgment against the Defendant in the amount of $668,977.[1]  Further, as indicated in the Judgment of Conviction dated February 23, 2016, and pursuant to 18 U.S.C. § 3664(d)(5), the Court set a date for the final determination of restitution, and requested for "the government to provide sufficient information including a listing of all identified victims, mailing addresses, and amounts subject to restitution to fashion a restitution order."

B.   Restitution

As previously set forth in the Government's sentencing brief dated February 4, 2016 (the "Sentencing Brief," which is incorporated by reference and relied upon herein), once the victims entitled to restitution have been identified, this Court must "order restitution to each victim in the full amount of each victim's losses . . . without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A).  The "proper amount of restitution is the amount wrongfully taken by the [d]efendant." United States v. Bryant, 655 F.3d 232, 254 (3d Cir.2011).  Indeed, restitution should be tied to "actual losses suffered by the victims of the defendant's criminal conduct" and "based upon losses directly resulting from such conduct."  United States v. Quillen, 335 F.3d 219, 222 (3d Cir.2003).[2]

The Sentencing Brief outlined all of the victims' losses directly caused by

---

[1] This amount represented the proceeds unlawfully obtained by the Defendant from his corporate victims, ADP and Broadridge, as a result of the mail fraud charges alleged in Counts One through Nine of the Superseding Indictment, and as proven beyond a reasonable doubt at trial.

[2] The imposition of a restitution order is unaffected by the entry of the Forfeiture Money Judgment.  The case law is both clear and unanimous that the imposition of both forfeiture and restitution are mandatory.  See United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014) ("Forfeiture is mandatory even when restitution is also imposed"); United States v. Torres, 703 F.3d 194, 204 (2d Cir. 2012) (holding that forfeiture and restitution both are mandatory); United States v. McGinty, 610 F.3d 1242, 1247-48 (10th Cir. 2010) (stating forfeiture and restitution serve different purposes and both are mandatory).  Additionally, as stated in the Sentencing Brief, it will be the Government's recommendation that forfeited amounts obtained in this case, if any, shall be used to satisfy the restitution order.  See United States v. Pescatore, 637 F.3d 128, 131 (2d Cir. 2011) (stating that the U.S. Attorney may "recommend" that forfeited funds be applied to restitution, but final decision rests with the Attorney General).

the Defendant's conduct in an "Actual Loss Chart" (*see*, Sentencing Brief, p. 17), which summarized the actual losses for which the Defendant must be held responsible and for which he owes each victim in restitution. The chart has been reproduced below for the Court's review:

Actual Loss Chart

|    | Description of Loss | Source | Amount |
|----|---------------------|--------|--------|
| A. | Counts 1-9 of the Indictment (Fraudulent Invoices Sent by Flowerson to ADP and Broadridge) | *Jury Verdict *Government Trial Exhibits *Trial testimony | **$28,775** |
| B. | Computer World Advertising Fees Paid to Flowerson by ADP (less the Computer World Advertising Fees contained in Counts 1-9 of the Indictment) | *Government Trial Exhibits 14-165; 227 *Trial testimony | **$148,435** ($153,595 - $5,160) |
| C. | Computer World Advertising Fees Paid to Flowerson by Broadridge (less the Computer World Advertising Fees contained in Counts 1-9 of the Indictment) | *Government Trial Exhibits 166-226 *Trial testimony | **$48,478** ($52,518 – $4,040) |
| D. | Advertising Fees Paid to Flowerson by ADP (less the Advertising Fees contained in Counts 1-9 of the Indictment) | *Government Trial Exhibits 14-165; 227 *Trial testimony | **$318,690** ($482,659 - $153,595 - $10,375) |
| E. | Advertising Fees Paid to Flowerson by Broadridge (less the Advertising Fees contained in Counts 1-9 of Indictment) | *Government Trial Exhibits 166-226 *Trial testimony | **$124,599** ($186,000 - $52,318 - $9,200) |
| F. | Wildes & Weinberg Creative Effects Re-Advertising Fees for U.S.C.I.S. Immigration Petitions | *Weinberg Affidavit | **$119,825.90** |
| G. | Wildes & Weinberg U.S.C.I.S Immigration Petition Re-Filing Fees | *Weinberg Affidavit | **$63,100** |
| H. | Wildes & Weinberg Remediation Employee Expenses | *Weinberg Affidavit | **$1,115,435.10** |

|  |  | **Total Loss Amount**: | **$1,967,338** |
|---|---|---|---|

During sentencing, Your Honor determined the total offense level for the defendant, in part, by considering the actual loss amount attributable to his criminal conduct under U.S.S.G. § 2B1.1. That calculation included Sections A, F, and G of the Actual Loss Chart in their entirety (totaling $211,700.90), plus a percentage of Section H. Specifically, the Court ruled that Wildes & Weinberg's remediation expenses were properly calculated at $465,000, rather than the submitted figure of $1,115,435.10. Accordingly, for Guidelines calculation purposes, Your Honor found that the Defendant was responsible for actual losses under Sections A, F, G and H in the total amount of $676,700.90.[3]

    Additionally, the Forfeiture Money Order stated, in part:

> "The Court notes that because the advertising fees paid by ADP and Broadridge, **which total $640,202**, would not alter the Defendant's offense level, the Court did not include these fees in its determination of the applicable offense level during sentencing. ***Based on the Court's review of the evidence and testimony presented at trial, however, the Court finds that the Government has shown by a preponderance of evidence that these fees are not materially false and are thus properly included in the Court's calculation of a forfeiture money judgment.*** The Court reserves the right to modify this money judgment following the March 23, 2016 hearing on restitution." (Emphasis added).

Based on the Court's ruling summarized above, Sections B, C, D, and E of the Actual Loss Chart (totaling $640,202) are actual losses directly caused by the Defendant's criminal conduct, and are properly included as part of the order of restitution. **Therefore, the total amount of restitution required in this case is $1,316,902.90** (calculated by adding $676,700.90 for Sections A, F, G and H, and $640,202 for Sections B, C, D and E).

    The breakdown per victim of the $1,316,902.90 restitution payment is as follows:

---

[3] As stated during the sentencing hearing, a majority of the losses sustained by Wildes & Weinberg under Sections F and G of the Actual Loss Chart were ultimately reimbursed by the firm's malpractice insurance carrier, Liberty International Underwriters ("Liberty Int."). Specifically, of the $182,925.90 in total losses sustained by Wildes & Weinberg for USCIS re-filing and advertising fees, Liberty Int. made an insurance payment to Wildes & Weinberg in the amount of $165,779.90. The remaining $17,146 was borne entirely by Wildes & Weinberg. These amounts have been itemized in the proposed restitution order.

- <u>ADP</u>: **$482,660** [Calculated as: $148,435 (Section B) + $318,690 (Section D) + $15,535 (Representing ADP invoiced amounts contained in Section A)];
- <u>Broadridge</u>: **$186,317** [Calculated as: $48,478 (Section C) + $124,599 (Section E) + $13,240 (Representing Broadridge invoiced amounts contained in Section A)];
- <u>Liberty Int</u>.: **$165,779.90** [Representing insurance payout to Wildes & Weinberg under Sections F and G]; and
- <u>Wildes & Weinberg</u>: **$482,146** [Calculated as: $17,146 (Sections F and G, less receipt of Liberty Int. insurance reimbursement) + $465,000 (Section H, as amended by the Court at sentencing)].

The Government has attached a proposed Order of Restitution for the Court's convenience, which includes the victims' names and addresses, as well the amount of money owed to each victim for restitution.

## **<u>Conclusion</u>**

Accordingly, the Government requests that Defendant Marijan Cvjeticanin be ordered to pay restitution to his victims in the amount of $1,316,902.90. Furthermore, in the absence of any new arguments or objections by the Defendant, the Government requests that the Court issue its ruling on restitution based on the parties' submissions.

Thank you for your consideration.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By: **/s/ Dennis C. Carletta**
Dennis C. Carletta
Francisco J. Navarro
Assistant United States Attorneys

cc: Lorraine Gauli-Rufo, Esq.
Thomas Ambrosio, Esq.
Renee Caggia, Senior U.S. Probation Officer