# Exhibit A

## ADVERTISING LISTS/FORFEITURE AND RESTITUTION:

## 1) RE-ADVERTISED CASES CALCULATION

For the purposes of restitution and loss calculation the defense received the attachment "G" from the Government, listing 95 advertising invoices in the amount of $119,825.90 which the law firm of Wildes & Weinberg claims that were and had to be re-advertised due to the fraud committed in this matter in relations with the mail fraud and lack of Flowerson advertising in these matters.

Detailed analysis of copies of 95 enclosed invoices provided by the Government first shows that the following invoices (matters) are duplicate invoices and were for some reason unknown to the defense advertised by the Law Offices of Wildes & Weinberg or Creative Effects (agency selected by Wildes & Weinberg for the purposes of re-advertising) <u>twice</u> or even more and/or at <u>different geographical locations</u> which legally cannot be due to any acts committed by the Defendant or Flowerson in the following or any other matters:

1) **DEEKONDA SHARADA:**
   - **DEEKONDA, SHARADA** _____ **$689.24**
     (Star Ledger 12/23 and Star Ledger 12/30)
     And same matter advertised again
   - **DEEKONDA, SHARADA** _____ **$773.95**
     (Star Ledger 05/12 and Star Ledger 05/19)

2) **KADALI, SREEKUMAR:**
   - **KADALI, SREEKUMAR**_____ **$785.10**
     (Houston Chronicle 10/13 and 10/20)
     And the same matter advertised again in the completely different newspapers/different geographical location:

1

- **KADALI, SREEKUMAR**_____ **$1,736.31**
  **(Seattle Times, 9/1 and 9/8)**

**3) MANCHIKATLA, RAVI:**
- **MANCHIKATLA, RAVI**_____ **$773.95**
  **(Star Ledger 5/19 and 5/26)**
  **And advertised again**
- **MANCHIKATLA, RAVI**_____**$920.67**
  **(Star Ledger 12/16 and 12/23)**
  **And advertised for the third time again**
- **MANCHIKATLA, RAVI**_____ **$920.87**
  **(Star Ledger 4/28 and 5/5)**

**4) PATEL, SIDHARTH:**
  **PATEL, SIDHARTH**_____ **$780**
  **(New York Times 11/10)**
  **And advertised again**
- **PATEL, SIDHARTH**_____ **$1,855**
  **(New York Times 10/27 and 11/3)**

**5) SONI, PARUL**
  **SONI, PARUL**_____ **$884.06**
   **(Star Ledger 11/17 and 11/24)**
  **And advertised again**
  **SONI PARUL** _____ **$988.64**
  **(Star Ledger 5/4 and 5/11)**

**Since the Labor Department regulations mandate that the advertisements for an application have run only <u>once</u> for two consecutive Sundays, there were absolutely no legal reasons to run them twice or even more times and particularly not to change the geographical location of the advertisements (from Newark, NJ Star Ledger to Seattle, Washington Seattle Times), and none of this can be subscribed or even remotely connected to the Defendant or Flowerson advertising therefore has to be**

**deleted and removed from any calculation of loss for sentencing purposes, restitution or forfeiture.**

**Therefore, the following second and duplicate invoices should be removed from the list for restitution and loss purposes as either redundant or irrelevant in this matter:**

- **DEEKONDA, SHARADA_____ $773.95**
- **KADALI, SREEKUMAR _____$1,736.31**
- **MANCHIKATLA, RAVI_____$920.67**
- **MANCHIKATLA, RAVI_____$920.87**
- **SONI, PARUL _____ $988.64**


**TOTAL NUMBER OF INVOICES TO BE REMOVED: 5**

**TOTAL AMOUNT OF ADVERTISING TO BE DEDUCTED:_____ $5,340.44**


**This leaves us with 90 re-advertising invoices in the amount of $114,485.46.**


**In addition, even more problematic than the above referenced duplicate and triplicate advertising matters, some invoices stated in the Government's Exhibit "G", as received from the Creative Effects agency for the alleged re-advertising, were for the cases (invoices) which <u>were not</u> listed in the evidence government submitted for the trial purposes in this matter (government submitted evidence listing all invoices from Flowerson to either ADP or Broadridge in the period noted in the indictment from 2010-2012 and also presented total amounts of invoices to the jury). In this respect since these invoices and matters were not presented to the defense for trial purposes and defense was unable to address them at any time, they should, therefore, not be counted for restitution or loss purposes, as they have nothing to do with the Flowerson's advertising and represent either a mistake or an act of deliberate exaggeration or insurance fraud committed either by the Law Offices of Wildes & Weinberg or their selected advertising agency Creative Effects, also clearly perpetrating or attempting to perpetrate the fraud upon the tribunal.**

The following invoices have not been listed in the Government trial exhibits, but were listed in the Creative Effects submission stated in the Government's Exhibit "G":

- **AGRAWAL, SALONY** _____ **$1,327.14**
- **BHIKADYA, DIPAKKUMAR** _____ _____**$1,543.00**
- **CANAKALA, VENKATA**_____**$903.17**
- **CHITTIREDDY, NARAYANA**_____**$689.24**
- **GADIRAJU, SRINIVASAN**_____**$1,529.50**
- **INCHARAS, SUNIL** _____**$689.24**
- **INGRACIO, DIEGO**_____ **$1,556.25**
- **KANSE, VIJAY**_____ **$1,289.50**
- **LANKA, SEKHAR**_____ **$1,661.96**
- **LI, HAIYI**_____ **$846.88**
- **MEKA, RAVI**_____**$3,403.00**
- **OUNDHAKAR, SWAPNA** _____**$1,556.24**
- **PASUMARTHI,VENKATA**_____**$1,691.50**
- **PRABHUDESAI, ANISH** _____ **$920.67**
- **RAIPET, JAICHANDER** _____ **$1,439.00**
- **RAMANATHAN, MAHESH**_____ **$1,820.00**
- **SINDHAVAL, SHIVAPRAKASH**_____ **$1,288.75**
- **SWAMY, SHIVANNA** _____**$884.06**

**TOTAL NUMBER OF INVOICES TO BE REMOVED: 18**

**TOTAL AMOUNT OF ADVERTISING TO BE DEDUCTED: _____$25,039.10**

This now leaves 72 re-advertised invoices in the amount of $89,446.36

2) **LABOR DEPARTMENT RE-FILING**

After the advertising process is completed and if no American workers are found to be willing and able to take the jobs, employers or their attorneys/agents, file labor certification applications with the U.S. Department of Labor, based on the previous above described advertising.

**There are at least three major problems regarding the list of the matters which were allegedly re-filed with the U.S. Department of Labor due the fraud in this matter.**

**The first problem is in the fact that the list of ADP and Broadridge cases (consisting of copies of U.S. Department of Labor individual approval notices and one denial notice with company names ADP and Broadridge and each individual foreign worker name which were re-filed with the U.S. Department of Labor) was provided by the Government to the defense in this matter on <u>the day</u> of the sentencing hearing (exactly 10 minutes prior to the hearing) and the defense obviously did not have a chance to examine the list, containing 100 various client names, prior to the hearing, but only ex-post facto, after the hearing.**

**The second problem is in the fact that the list government provided the list of 100 client names (cases) which were re-filed with the U.S. Department of Labor, which is considerably more than 88 re-advertised matters mentioned above. Knowing that each matter had to be advertised <u>prior</u> to the submission to the Labor Department this begs a question whether the Law Firm of Wildes & Weinberg in filing these matters with the U.S. Department of Labor used any of the previous Flowerson's advertisements for the submission to the U.S. Department of Labor or shared and used several new advertisements for which they are now trying to charge the Defendant or Flowerson for their new legal matters.**

**The third and equally problematic fact, determined only after the sentencing hearing and upon a closer examination of 100 re-filed matters is that a number of them were not listed in the evidence which the Government provided for trial purposes among the invoices sent by Flowerson to either ADP or Broadrdige in the period noted by the Indictment, most notably the following matters:**

- **AGRAWAL, SALONY**
- **CANAKALA, VIJAY**
- **CHITTIREDDY, NARAYANAN**
- **LANKA, SEKHAR**
- **LI, HAIYI**
- **MEHTA, ROCHAK**
- **MEKA, RAVI**

5

- **OUNDHAKAR, SWAPNA**
- **PASUMARTHI, VENKAT**
- **PRABHUDESAI, ANISH**
- **RAPIET, JAICHANDER**
- **RAGOTAMAN, MADUSUDEVAN**
- **RAMANATHAN, MAHESH**
- **SATRASALA, SINDHUR**
- **SINDHAVAL, SHIVAPRAKASH**
- **THOMAS, MARYDASAN**
- **VELUVALI, RAVI**

## TOTAL OF 17 MATTERS

Therefore, a total of 17 matters which allegedly were re-filed with the U.S. Department of Labor due to the fraud and lack of Flowerson advertising in this matter were not listed in the evidence of Flowerson's invoices listed and provided for the trial purposes in the period noted by the Indictment, have no connection to Flowerson advertising and consequently should not be considered for restitution, loss or forfeiture purposes.

This leaves us with 71 matters re-filed with the U.S. Department of Labor out of 212 invoices sent by Flowerson to ADP and Broadridge.

3) **IMMIGRATION RE-FILING**

Finally, after the U.S. Department of Labor reviews filed applications, and if approved, the Labor Department issues the so called "Certification" which is then used to file the application with the U.S. Immigration Service (Department of Homeland Security) in order to continue and complete the Green Card process for foreign workers in the United States.

The list of matters re-filed with the U.S. Immigration Service was presented in the Attachment "B" (this may be Lorraine's "B" not the Government's "B"), and contains a total of 66 cases and once again the following matters were not found among the invoices which the Government presented as evidence of Flowerson's invoices sent to ADP and Broadridge for trial purposes:

6

- **AGRAWAL, SALONY**
- **BHIKADYA, DIPENKKUMAR**
- **CANAKALA, VIJAYKUMAR**
- **KANSE, VIJAY**
- **LANKA, SEKHAR**
- **OUNDHAKAR, SWAPNA**
- **PAMANJI, SRIHARI**
- **PASUMARTHI, VENKATA**
- **PRABUDHESAI, ANISH**
- **RAIPET, JAICHANDRA**
- **SATRASALA, SINDHUR**
- **SINDHAVAL, SHIVAPRAKASH**
- **THOMAS, MARYDASAN**

**<u>TOTAL OF 13 MATTERS</u>**

**Since the list initially contained a total of 66 matters submitted to the U.S. Immigration Service, allegedly due to the fraud committed by the Defendant and Flowerson, and since 13 out of these 66 matters were not among the invoices introduced at the trial by the Government as Flowerson's fraudulent invoices, it follows that a total of <u>only 53</u> Flowerson's invoices introduced at the trial were finally re-filed with the U.S. Immigration Service, which is slightly more <u>than 20%</u> of the total amount of 212 invoices introduced by the Government at the trial.**

**Last but not the least, since as per previous Flowerson's communications, Flowerson is in the possession of online and newspaper advertisements for most, if not all, of these 53 matters, can prove and submitted over $80,000 in credit card payments for various ADP and Broadridge advertisements, and since the Labor Department regulations clearly allow for the sharing of both online and newspaper advertisements for the same or similar occupations and geographical locations, we respectfully submit to the Honorable Court that no restitution, amount of loss or forfeiture should be awarded beyond the amount determined by the jury in the 9 counts of indictment in the amount of $28,000.**