

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

___

*Francisco J. Navarro*  *970 Broad Street, 7th floor*  973-645-2515
*Assistant United States Attorney*  *Newark, New Jersey 07102*

March 18, 2016

The Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

        Re:   United States v. Marijan Cvjeticanin
                <u>Crim. No. 14-274 (MAS)</u>

Dear Judge Shipp:

     The Government submits this correspondence in response to the Defendant's letter dated March 17, 2016. The Defendant's letter purportedly raises issues as to the necessity for a restitution hearing, but fails to recognize the Court has already ruled upon the issues necessary to enter an appropriate restitution order. Moreover, it appears that the Defendant is seeking to use the restitution hearing as a vehicle by which he can delay his pending prison term.

<u>Restitution</u>

     As explained in the Government's March 16, 2016 letter, the Court has already considered and ruled upon the issues necessary to decide the appropriate restitution amount in this matter. The Defendant does not dispute that restitution is calculated as "the amount wrongfully taken by the defendant" (Def. Letter at 2), and the Court has already decided that amount. Specifically, the Court held at sentencing that, for Guidelines calculation purposes, the Defendant was responsible for actual losses in the amount of $676,700.90 (Sections A, F, G and H of the Government's "Actual Loss Chart;" <u>see</u>, Government's sentencing brief dated February 4, 2016). Additionally, the Court subsequently held in its forfeiture order that the Defendant was also responsible for the actual losses contained in Sections B, C, D and E of the

1

Actual Loss Chart, in the amount of $640,202. Id. (ECF No. 105).[1] Importantly, the Court recognized that the $676,700.90 figure and the $640,202 figure were derived from different "buckets" of damage caused by the Defendant's fraud.  Therefore, the Court's sole remaining task is to calculate the total damage by adding those buckets of damage together, which results in a total loss amount of $1,316,902.90.   The Government submits this is the actual loss suffered by the victims of the defendant's offenses, and that the calculation is solidly based upon losses directly caused by the Defendant's crimes. See United States v. Quillen, 335 F.3d 219, 222 (3d Cir.2003).  The Government requests that the Court order this amount in restitution.

Accordingly, the Defendant's claim that the Government "attempts to add $676,700 to the amount determined by the Court as the amount of loss and forfeiture amounts" is incorrect as demonstrated by the Court's forfeiture order, and the Government believes there is no need for a restitution hearing.[2]

Request for Bail Pending Appeal

In his letter, the Defendant seeks a one-month stay of his April 5, 2016 surrender date.  The stated reason for the requested delay is so that the Defendant can "assist his attorney with the necessary documentation" related to an "anticipated motion for bail pending appeal, as well as the outstanding resolution of restitution and forfeiture." (Def. Letter at 6).  The Court should summarily deny the Defendant's request because forfeiture has already been decided and restitution can be readily determined, as explained above.  The Court should also not delay the Defendant's surrender date based on the fact that he intends to file a motion for bail pending appeal.  Such a motion would almost certainly be denied under controlling law because the Defendant cannot overcome the strong presumption of detention following his conviction.

The Bail Reform Act of 1984 states the following in pertinent part:

> (b)   Release or detention pending appeal by the defendant.—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be

---

[1] The Judgment and Order of Forfeiture dated February 19, 2016, in the amount of $668,977, was calculated by adding Sections A, B, C, D and E of the Actual Loss Chart.

[2] Of course, the Government is fully prepared to appear at a restitution hearing should the Court determine that one is necessary.

> detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.A. § 3143(b). "[T]he defendant has the burden of establishing" all of the factors favoring release. United States v. Messerlian, 793 F.2d 94, 95 (3d Cir. 1986). "The Bail Reform Act of 1984 was enacted because Congress wished to reverse the presumption in favor of bail [during appeal] that had been established under the prior statute, the Bail Reform Act of 1966." United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985). Congress intended this result because, "[f]irst and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law, a presumption factually supported by the low rate of reversal of criminal convictions in the Federal system." Id. (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-187 (1970)).

The Third Circuit has construed the statute to condition bail pending appeal on a showing that "the appeal [raises] a 'substantial question of law or fact," [and] if defendant prevails on appeal, the issue must be one that is 'likely to result in reversal or an order for a new trial' on all counts on which a sentence of imprisonment was imposed." Miller, 753 F.2d at 23. "If the error would be considered harmless or reversal or new trial would otherwise not be the remedy, the Act's requirements are not satisfied." Id. The presumption against release mandated in the Bail Reform Act of 1984 becomes even harder

to overcome for a defendant who has been convicted and sentenced to a prison term. Compare 18 U.S.C. § 3143(a) with § 3143(b).

In this case, the Defendant's appeal does not raise a substantial issue of law or facts likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment. Indeed, the Defendant raised all of his likely arguments on appeal in his post-trial motions to set aside the verdict and for a new trial. The Court denied those motions in total and further noted that the Defendant's motions were "based on Defendant's mischaracterization of the facts." (ECF. No. 93 at 1). Nothing has changed since the Court issued its ruling, and the Defendant's request to delay his surrender date so that he can file a motion for bail pending appeal should be denied.

## **Conclusion**

Accordingly, the Government requests that Defendant Marijan Cvjeticanin be ordered to pay restitution to his victims in the amount of $1,316,902.90. Furthermore, as the Defendant has failed to allege any new facts or legal issues, the Government reiterates its request for the Court to issue its rulings on the pending matters based on the parties' prior oral and written submissions, as further hearings in this case are unnecessary.

Thank you for your consideration.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By: _____
Francisco J. Navarro
Dennis C. Carletta
Assistant United States Attorneys

cc: Lorraine Gauli-Rufo, Esq.
Thomas Ambrosio, Esq.
Renee Caggia, Senior U.S. Probation Officer