# LORRAINE GAULI-RUFO, ESQ.
## CERTIFIED CRIMINAL TRIAL ATTORNEY
### (LGR LAW, LLC)



NEW JERSEY OFFICE
130 POMPTON AVENUE
VERONA, NJ  07044
(973) 239-4300

NEW YORK OFFICE
48 WALL STREET, 5TH FLOOR
NEW YORK, NY 10005
(646) 779-2746

LGAULIRUFO@GMAIL.COM
WWW.LGAULIRUFO.COM
FAX: (973) 239-4310
_____

March 21, 2016

Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

                Re:    United States v. Marijan Cvjeticanin
                         Crim. No. 14-274 (MAS)

Dear Judge Shipp:

      This letter is written in response to the government's letter of March 18, 2016, regarding its calculated amount of restitution and the need for the restitution hearing in this matter. Mr. Cvjeticanin once again requests a hearing and vehemently objects to the amount of restitution as calculated by the government. Since Your Honor had previously reserved judgment regarding the final amount of forfeiture to be determined at the restitution hearing, Mr. Cvjeticanin also objects to the amount of forfeiture as used by the Government to calculate the final amount of restitution. In addition, Mr. Cvjeticanin objected to the amount of actual loss determined by Your Honor for sentencing purposes in this matter, and he reasserts that objection, since it is now being used again by the government in its attempt to calculate the amount of restitution.

      The government claims that the amount of restitution in this matter is simply a mathematical sum calculated by adding the amount of forfeiture to the amount of the actual loss that was determined for sentencing purposes. Mr. Cvjeticanin respectfully claims that the government's position is both legally and factually wrong, and that a hearing is necessary to determine the exact amount of restitution and forfeiture and to clear any factual and legal ambiguities in this matter.

Mr. Cvjeticanin agrees that the law in the Third Circuit is that restitution is calculated as "the amount <u>wrongfully</u> taken by Mr. Cvjeticanin" *United States v. Bryant*, 655 F. 3d 254,(3d Cir. 2003), (emphasis added), and does not intend to challenge this definition. However, Mr. Cvjeticanin disagrees with the government that Your Honor has already ruled on this matter, for if that were the case, Your Honor would not have reserved its judgment on the issue of forfeiture and would not have had any reason to schedule the restitution hearing for March 23, 2016. If the government's positon were correct, the Court would only have to add two numbers together at the end of the last hearing. Mr. Cvjeticanin continues to maintain that the government's method for calculating restitution suggested in its two letters are wrong.

The amount of actual loss, as determined for sentencing purposes in this matter, is largely legally irrelevant for calculating restitution, as it contains various *consequential damages,* and consequential damages cannot be calculated in the amount of restitution (*see United States v. Quillen*, 335 F.3d 219, 222 (3rd Cir.2003), (also quoted by the government in its letter). The *Quillen* Court noted" [w]e have interpreted § 3663A(b)(1) not to authorize "consequential damages," (*citing Gov't of Virgin Islands v. Davis*, 43 F.3d 41, 45 (3d Cir. 1994)). Restitution must be limited to "an amount pegged to the actual losses suffered by the victims of [Mr. Cvjeticanin's] criminal conduct," and "based upon losses directly resulting from such conduct." Davis, 43 F.3d at 45 (*quoting United States v. Barany*, 884 F.2d 1255, 1260-61 (9th Cir. 1989)).

At the restitution hearing, Mr. Cvjeticanin will challenge and will provide a very detailed analysis of the Items in sections D, E, F and G of the Government's Actual Loss Chart, as was already noted in the defense letter of March 17, 2016.[1] Items in sections D and E will also be challenged for restitution purposes. You Honor may recall that at trial both the government and a government witness admitted on the stand that *some* advertisements existed. Therefore it would be a great miscarriage of justice to just lump together all the fees and invoices from items D and E into restitution as "wrongfully taken," without the ability of Mr. Cvjeticanin to argue that as to some of those advertisements, at a minimum, no restitution is owing. Such a restitution order in light of the known issues outstanding would amount to a wrong calculation of restitution, and unjust enrichment of the so called victims in this matter.

Also at the hearing, Mr. Cvjeticanin will show that numerous invoices or items listed in the government Chart under sections F and G, which the government seeks to include in the amount of restitution, are for duplicate invoices, triplicate invoices, invoices for different geographical locations of advertising, and even for matters for which Flowerson advertising agency never sent invoices to the alleged victims (ie., nothing was gained by him or taken from them, thus the amount should not be included in restitution calculations). This can only be correctly determined with a hearing.

As for the forfeiture order, in the Judgment and Order of Forfeiture, Your Honor initially stated that in the view of the Court, the amount of $668.977.00 represented the amount of

---

[1] Mr. Cvjeticanin will do this despite being prevented from fully and fairly challenging these amounts because of so many redacted and blocked names and missing malpractice insurance names and reports, as noted in the defense previous letter submitted regarding the restitution hearing.

2

proceeds obtained by Mr. Cvjeticanin as a result of mail fraud offenses in this matter. However, Your Honor reserved the right to modify the Judgment and Order of Forfeiture following the March 23, 2016 hearing on restitution. In this respect, Mr. Cvjeticanin anticipates establishing that the forfeiture amount should be reduced based on the invoices and fees received by Flowerson from ADP and Broadridge which are not related to the alleged fraud, and which are for fees and invoices which were correctly and rightfully advertised by Mr. Cvjeticanin on behalf of ADP and Broadridge clients. Mr. Cvjeticanin will seek to have these amounts excluded from restitution amounts, as these amounts do not meet the Third Circuit's legal definition of restitution as being "wrongfully taken." Also, at the restitution hearing, Mr. Cvjeticanin will introduce evidence that will show that Flowerson spent over $80,000 in newspaper advertising on behalf of ADP and Broadridge, and how this undermines the government's restitution argument, and reduces the calculation of restitution.

Finally, as to Mr. Cvjeticanin's request for a one month stay of his surrender date, while not originally based on the following request, it is due in part to the complexities of the issues presented herewith, which was compounded by the government's request to forego the restitution hearing, and which has required the full attention and resources of the defense since the government filed its initial letter last week. Since filing its request to forego the hearing, the government has forced Mr. Cvjeticanin and his attorney to focus its efforts on *having* the hearing, instead of using this time as was anticipated in *preparing* for the hearing. This plight by the government worked as a road block preventing Mr. Cvjeticanin from preparing for the scheduled hearing, and thwarted his efforts to adequately prepare. Since the defense relies heavily on Mr. Cvjeticanin's assistance, particularly in relation to redacted names from the documents the government has provided, the defense is respectfully requesting additional time to prepare for the restitution hearing, and also requesting a stay of Mr. Cvjeticanin's surrender date to a date following the hearing, or for one month. This date would also give the defense additional time to adequately prepare for Mr. Cvjeticanin's formal motion for bail pending appeal, which he intends to file regardless of the outcome of restitution, and whether Your Honor orders that the restitution be conducted as scheduled or not. Your Honor's time and consideration of the foregoing is greatly appreciated.

.

                                              Respectfully submitted,
s/

Lorraine Gauli-Rufo
Attorney for Marijan Cvjeticanin

cc:  Dennis Carletta, AUSA
     Francisco Navarro, AUSA
     Renee Caggia, USPO