UNITED STATES DISTRICT COURT

FOR NEW JERSEY

RECEIVED

AUG ⁻ 1 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES

V.

Case No. 14 - 274 ( MAS )

MARIJAN CVJETICANIN

DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION

TO THE MOTION FOR RELEASE ON BAIL PENDING APPEAL

The timeliness of the Government's response was addressed in a separate Motion to

Strike. In addition to being untimely, the Government's response is both factually incorrect and

legally erroneous. This is addressed in the brief below.

The Government first contends that the defendant should be denied bail pending appeal is

he is allegedly a "flight risk". Government derives such a conclusion based on the defendant's

repeated filings with the Court, which the Government characterizes as "misleading". The

Government is forgetting that it is explicitly a constitutional right of the citizens, under the First

Amendment to the Constitution of the United States, to petition their government for a redress of

grievances. As the Government is fully aware, the defendant is a U.S. citizen, too. The

perception and motivation for the grievance filing belongs to the citizens, not the Government.

However, if either the Government, or the Honorable Court, consider that any of the defendant's

1

filings with the court, or other federal government agencies, were in any way "misleading", we call upon them to schedule an evidentiary hearing to properly determine both factual and legal issues regarding the defendant's "repeated" grievance filings. This is even more so in the light of the fact that the Office of the U.S. Court Administrator has opened a formal investigation over at least two employees of the Court's Pretrial Services (Daniel Milne and Christina Bourque) for their lies and misrepresentations to the Court regarding the defendant's previous bail actions and revocation. (Enclosed please find letter from the Office of Court Administration in that respect). Defendant is also awaiting further replies from the Federal Bureau of Investigations (FBI), Office of the Inspector General of the United States Department of Justice and the Executive Office of U.S. Attorneys. Moreover, if nothing else, all the "repeated filings" clearly evidence that the defendant is not a flight risk as he is fighting and litigating his case through numerous court and agency submissions and intends to do so until fully exonerated and proven innocent. It is inconceivable that a person intending to flee the jurisdiction of the court would have filed all of the "repeated" submissions as admitted by the Government just to flee or disappear. Therefore the Government's claim in that respect is baseless. In addition, as the Honorable Court is aware of, all of the defendant's filings with this court have been so far through his attorney, Ms. Lorraine Gauli-Rufo, with the current filing being the first and only pro se filing with the Court, making the Government's contention that defendant lacks the credibility due to the repeated filings with the Court clearly erroneous.

Next, the Government claims that defendant is a flight risk due to his "substantial" sentence (57 months total, minus 4 months already served). While defendant is truly delighted by

2

the Government's sudden and unexpected concern for the substantiality of his unwarranted prison sentence, particularly given the non-violent, white collar, type of crime committed, if any crime was indeed committed, defendant disagrees with the Government's characterization of the sentence and the prediction of his future action and anticipation of his future behavior on that ground. The sentence imposed on the defendant is clearly contrary to the U.S. Sentencing Guidelines as it is "greater than necessary", as well as both procedurally and substantively unreasonable, and even if it somehow withstands defendant's direct appeal to the circuit court and numerous post conviction collateral attacks, which is highly unlikely, even after all of these, after the award of the U.S. Bureau of Prison "good time conduct" and other sentence relief programs established by President Obama ("Second Chance" etc) and other Bureau of Prisons programs, the maximum remaining sentence which defendant faces is about 2-3 years in the federal low or minimum security (camp) facility. This is hardly an incentive for becoming a fugitive, particularly given all other circumstances of the case, as described below.

As for the defendant's foreign (Croatian) passport, it expired on May 28, 2012, much before any arrest or investigation in this matter. Defendant never filed for the new Croatian passport or the extension of the same. Defendant has not visited Croatia for well over six (6) years, and has not stayed in Croatia for more than a brief two (2) weeks vacation stops for well over fifteen (15) years, and actually visited Bahamas and Florida more often than Croatia for both vacation and business purposes. Once again no indication of ties to Croatia or a propensity to flee there. Moreover, as stated in the Sentencing Memorandum, defendant is married and his wife Kathy is a U.S. citizen and so are both of his daughters. Defendant has been a long term

3

resident of New York for well over twenty five (25) years with no interruption in residence, and in his career practically only worked in New York. His U.S. citizen wife is employed and currently works for Macy's on Long Island, his eldest daughter Iva is pursuing her studies at New York University ( with hopes of being able to continue given current circumstances and burdens placed on her ), and his younger daughter Kristina is a high school freshmen at Dominican Academy in Manhattan, New York. Therefore, the  defendant has strong family ties and and the possibility of defendant fleeing using expired Croatian passport and leaving his family behind in New York over a relatively weak and highly problematic short prison sentence is not a very credible one. Even if the sentence somehow survives Direct Appeal process at the Circuit Court, defendant will be soon busy filing new Rule 33 Motion (new evidence discovery), Motion for Grand Jury Transcripts, Proceedings and Composition, Petition for Rehearing En Banc, then Certiorari in the Supreme Court, then 28 USC Section 2255 Motion to Vacate, and 2241 Habeas Corpus Motions, then Rule 59e and Rule 60 motions, etc. His prison sentence may not be long enough to exhaust all the post conviction remedies and this is in addition to filing a new wave of complaints against all persons involved in this matter before various state and federal government agencies and bar associations in both New York and New Jersey. Therefore, defendant hardly qualifies for a "flight risk" although some people would surely like that to happen.

The Government's further statement that defendant has a reason to flee as he has no assets is equally untrue and unsupported by the facts. While it is true that defendant's income and assets have certainly been greatly diminished in the last few years due to the unwarranted and selective

4

prosecution in this matter, defendant and his spouse still own a primary residence (two story 3,500 sq. feet Brookfield colonial house with gazebo, inground swimming pool, finished basement used as a law library and playground, major deck renovations, over half acre of land, etc), located on the north shore of Long Island with a market value in excess of $700,000 and also own a brand new one bedroom investment condominium located at prime Queens real estate area at Broadway, Astoria, New York, with substantial equity and a market value of over $400,000, all of which can hardly be mistaken for "no asset" circumstances stated in the Government's submission. Moreover, if the Government even precursory reviewed the defendant's bail motion submission, it would have discovered that the defendant, under the proposed terms of the bail pending appeal, proposed and offered the entire Broadway, Astoria, investment condominium for his bail security purposes (please see attached proposed Order of Conditions of Release), which once again makes any notion of defendant's motivation to flee the Court's jurisdiction without any merit.

Further, the defendant is at a loss as to how to explain the Government's claim of a connection between him (temporarily) losing his license to practice law in New York with any potential flight, presumably, abroad. First, whether defendant intends to practice law at all after this onerous process is somehow over has yet to be determined. Second and more importantly, it is actually in the great State of New Jersey where it takes only five (5) years waiting for the attorney license reinstatement following a conviction, closely followed by New York and other states where it takes only a bit longer seven (7) years of waiting for reinstatement. Hardly a reason to flee abroad or even to another state. In addition, since defendant almost exclusively

5

practices federal (immigration) law, he can be licensed in any of the fifty states of the United States in order to be able to practice federal (immigration) law, and some of the states, even after attorney convictions, have very relaxed requirements for admissions to the bar, so once again hardly any reason to flee anywhere, and particularly to flee abroad.

As for the defendant allegedly being the danger to the community, the Government's position that the defendant lies and cheats whenever he opposes or disagrees with the Government shows little respect for our Anglo-Saxon adversarial system of justice. Moreover, if the Government's statements were nearly true, it is unclear as to how was it possible that the defendant's license to practice law was clean and clear all of these years and even for another 8 months after his mail fraud conviction. Immigration practice is by definition a high volume practice. No private immigration law firm can survive without having a high, huge, volume and high turnover of clients. If the Government's allegations had any credibility, at least some of the defendant's hundreds, if not thousands, of clients would have filed meritorious complaints online and with the New York State Bar authorities and defendant would have had at least some disciplinary record (at least some reprimand or public caution/violation or some fines imposed). However, until the Government agents decided to take a "James Bond style action" and secretly remove the key evidence from this Court's courtroom and on that basis procure a wrongful mail fraud conviction against the defendant, his license to practice was "squeaky clean" which clearly evidences that the Government's statements are once again without merit. In addition, prior to his disbarment the defendant served as a pro bono attorney for his large church and community in Manhattan, worked for the United Nations at the UN Headquarters in New York, was Co-Chair

6

of the Immigration Committee of the Suffolk County Bar Association, Co-Chair of the
Committee on Unauthorized Practice of Law of the New York Chapter of the American
Immigration Lawyers Association (AILA), member of the American Bar Association Counsel
for Central and Eastern Europe (Presidential appointment) and was a member of the Empire
State Counsel (appointment by the President of the New York State Bar Association), that would
be too many people fooled even for this defendant. It is obvious that only the Government,
motivated by its wrongful "victory" in this matter, can see the defendant in such a wrong light.

This Court should approve defendant's bail motion with the conditions as attached, and
soundly reject the Government's argument particularly in view of the Government's position that
"no combination of bail conditions" fashioned by this court can ensure the safety of the public
will be respected by the defendant, inter alia, due to his March 2016 bail revocation. Prior to the
bail revocation, the Defendant had no prior criminal record, was released on bail with no incident
or violation for well over two years. This court revoked defendant's bail just barely two weeks
prior to his self-surrender date to a low security federal institution in Danbury, CT, only due to
the false and fraudulent affidavit and testimonies of the Court's pretrial services officers,
supported by and with the full knowledge of the Government. Like any other point raised in his
affidavit, defendant is fully ready to argue and litigate the unfortunate events leading to the
revocation of his bail in March 2016. However, since the event is a subject of an open
investigation, defendant urges the Honorable Court to disregard bail revocation events and set a
new bail order with conditions legally clear for both the defendant and pretrial services, as
attached herewith.

7

Government also contends that "nothing changed" since the March 2016 bail revocation. However, defendant respectfully submits to the Court that since his bail revocation he has been incarcerated in a low security Bureau of Prisons institution for over four (4) months, with no single complaint or violation proceedings instituted against him by the U.S. Bureau of Prisons, once again clearly undermining Government's theory of defendant being and "unrepentant fraudster" or a danger to the community.

Finally, after Government recited all the facts of this case completely unsupported by the record, the Government then turned to erroneous legal analysis and conclusions.

As per Federal Appellate Procedure, the appellate (circuit) court can only review the conviction and the sentence based on the records of the case (records of the trial proceedings). The appellate court cannot review new evidence or documents. New evidence or new discoveries can be submitted for example in new *Rule 33 motions or Section 2255 motions*, but not on a direct appeal and the Government should know that. Therefore, defendant's direct appeal is based on the records of the case and his instant Motion for Bail Pending Appeal presented appellate issues, as required by the law. Any different submission would have represented a violation of the appellate procedure and the violation of the <u>Bail Reform Act</u> quoted by the Government. However, the Government, obviously unaware of these basic appellate rules, now complains to this Court that the defendant has presented previously submitted trial and post trial motions and documents, already decided by the district court and that *"nothing has changed since the Court*

8

*ruled on these documents.*" Given the rules of the appellate procedure the defendant legally should not have, and could not have, presented anything "new" on a direct appeal. The Government should know better.

However, defendant presented at least ten (10) very serious and substantially close appellate legal issues and arguments, including at least three structural errors requiring automatic reversal of the conviction and the sentence in this matter and numerous reversible constitutional non harmless trial errors. The Government did not address any of them. Not a single appellate issue raised by the defendant was addressed in the Government's response - even if we assume that the Government already discussed the issue of the new trial motion due to their egregious misconduct in removing key evidence from the courtroom (which is and has been defendant's number one appellate issue), the Government did not comment on any of the additional issues raised in the bail pending appeal motion - Brady violations I and II, weight of evidence and evidence of mailing issues, venue issues, selective prosecution claim, Speedy Trial Act violations, Batson challenge, court's evidentiary rulings including Skilling error, etc. Not a single word from the Government, not even a superficial denial. In a typical federal civil and criminal litigation, this would be regarded as an admission by the opposing party. Much to the defendant's surprise, the only case mentioned by the Government, presumably in opposition to the defendant's motion for release pending appeal, was the case where bail pending appeal was granted in the murder case (!), which if nothing else supports and underscores both defendant's positions - (1) that he definitely qualifies for the bail pending appeal with his mail fraud conviction and appellate issues raised, and (2) that the law may be unconstitutional anyway. See

9

U.S. v. Messerlian, *793 F.2d 94, 95-96 (3d Cir 1986)* quoted by the Government in which bail pending appeal was approved despite the bloody murder committed in that matter. Defendant's nonviolent, white collar mail fraud pales in comparison to the facts of that case quoted by the Government.

Similarly, the Government also did not address, or did not even read, defendant's Motion items 2) and 3) - alternative relief rulings requested if the honorable court does not consider the grant of bail pending appeal as a possibility. Defendant kindly asked the Honorable Court, if no bail pending appeal is possible under the current laws and regulations, to, under (2) declare Section 3143 of the 18 U.S.C. facially invalid and unconstitutional, and/or, in the alternative, under (3) to sever the provision of Section 3143( b)( 2) of the 18 U.S.C., if possible, and declare only that paragraph of the 3143 Section as severable and unconstitutional and grant bail pending appeal to the defendant under the previous case law.

None of these arguments have been addressed by the Government and we deem them admitted for this motion purposes.

By virtue of the foregoing, the defendant once again respectfully requests that the court grants him bail pending appeal as per conditions stated in the motion without a hearing. If the court considers hearing necessary, defendant would appreciate scheduling the hearing as soon as permitted by the Court's calendar and ordering U.S. Bureau of Prisons to release the defendant for court hearing purposes.

We once again thank the Honorable Court for its time and kind consideration of this matter.

Date : July 27, 2016

Marijan Cvjeticanin



JAMES C. DUFF
Director

JILL C. SAYENGA
Deputy Director

LAURA C. MINOR
Associate Director
Department of Program Services

MATTHEW G. ROWLAND
Chief
Probation and Pretrial Services Office

## ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

WASHINGTON, D.C. 20544

July 18, 2016

Ms. Iva Cvjeticanin
299 East 11th Street, Apt. 3A
New York, NY   10003

Dear Ms. Cvjeticanin:

I am writing in response to your complaint dated May 2, 2016, to the United States Department of Justice (DOJ) concerning an alleged violation of the civil rights of your father, Marijan Cvjeticanin, by U.S. Pretrial Services Officer Daniel Milne (District of New Jersey) and U.S. Pretrial Services Officer Christina Bourque (Eastern District of New York). Lacking jurisdiction over this matter, the DOJ's Office of the Inspector General forwarded the complaint to our office on July 5, 2016.

We appreciate your coming forward with concerns as our office strives to provide independent and evaluative oversight of all federal probation office operations. The information you provided will be investigated thoroughly, and the appropriate actions will be taken if your claims are substantiated. Thanks again for playing such a critical role in our effort to ensure the federal probation system complies with federal judiciary policies and procedures.

Sincerely,

Robert Fino
Program Administrator (Acting)
Program Oversight Branch

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY