**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARIJAN CVJETICANIN | Criminal Action No. 14-274 (MAS)<br><br>**MEMORANDUM OPINION** |

### SHIPP, District Judge

This matter comes before the Court upon *pro se* Defendant Marijan Cvjeticanin's ("Defendant") post-trial motions, including: a Motion to Stay (ECF No. 142); Motion for Evidentiary Hearing, New Trial, and to Vacate Final Judgment ("Motion for New Trial I") (ECF No. 146); Motion to Dismiss or for New Trial ("Motion for New Trial II") (ECF No. 147); Motions to Expedite (ECF Nos. 145, 148, 150); and Motion to Correct PACER Entries (ECF No. 154). The United States of America (the "Government") opposed Defendant's Motion to Dismiss and Motions for a New Trial,[1] but did not oppose Defendant's Motions to Expedite and Motion to Correct PACER Entries. (ECF No. 159.) Defendant replied.[2] (ECF No. 161.) The Court, having carefully considered the parties' submissions, decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, Defendant's Motion to Dismiss, Motions for a New Trial, and Motions

---

[1] Although ECF No. 142 is entitled, "Motion to Stay," the document is best characterized as a Motion to Dismiss. Further, ECF Nos. 146 and 147 pertain to Defendant's request for a new trial. The Court, accordingly, refers to ECF No. 142 as a Motion to Dismiss, and ECF Nos. 146 and 147 as Motions for a New Trial.

[2] Defendant's Motion for Extension of Time to File Reply (ECF No. 160) is moot in light of his December 20, 2018 Reply (ECF No. 161). The Court, accordingly, administratively terminates Defendant's Motion for Extension of Time to File Reply. (ECF No. 160.)

to Expedite are denied. (ECF Nos. 142, 145, 146, 147, 148, 150.) The Court denies in part and grants in part Defendant's Motion to Correct PACER Entries. (ECF No. 154.)

## I. Background

The underlying facts of this matter are known to the parties and will not be repeated herein. On June 29, 2015, Defendant was convicted by a jury on nine counts of mail fraud, based on a scheme to defraud clients through false billing practices. (ECF No. 70.) Following Defendant's conviction, Defendant filed several post-trial motions, including a Motion for a New Trial, which this Court denied. (ECF Nos. 77, 88, 90, 93.) The Third Circuit affirmed this Court's orders denying Defendant's Motion to Dismiss the superseding indictment, Motion for a New Trial, and restitution judgment. *United States v. Cvjeticanin*, 704 F. App'x 89 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 939 (2018). Subsequently, Defendant filed the instant motions.

## II. Legal Standard

Defendant moves pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 33.[3] Rule 12(b)(2) provides, "A motion that the court lacks jurisdiction may be made at any time while the case is pending."[4] Rule 33 provides, in relevant part, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A district court "can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Silveus*, 542

---

[3] All references to Rules hereinafter refer to Federal Rules of Criminal Procedure unless otherwise noted.

[4] The Court declines to address the Government's timeliness arguments in opposition to Defendant's Rule 12(b)(2) motion because the Government failed to cite precedential case law to support its contention that the term "pending" within Rule 12(b)(2) requires Defendant to have raised his motion during the pendency of the case. (Gov't Opp'n Br. 13, ECF No. 159.) The Court is further not persuaded by the Government's assertion that the Court should construe Defendant's Rule 12(b)(2) motion as a Rule 12(b)(3) motion. (*Id.* at 15.)

2

F.3d 993, 1004-05 (3d Cir. 2008) (internal quotation marks and citation omitted). "There are five requirements that must be met before a court may grant a new trial on the basis of newly discovered evidence . . . ." *United States v. Quiles*, 618 F.3d 383, 388 (3d Cir. 2010). Those requirements are:

> (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*Id.* 388-389 (citation omitted). Defendant bears "a heavy burden in meeting these requirements." *United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000) (internal quotation marks and citation omitted). Newly discovered evidence cannot be "evidence that a reasonably competent attorney allegedly *would have discovered* by means of pretrial investigation . . . ." *United States v. DeRewal*, 10 F.3d 100, 104 (3d Cir. 1993). Thus, "newly discovered evidence must be evidence that trial counsel *could not have discovered* with due diligence before trial." *Id.*

## III. Analysis

In his Motion to Dismiss, Defendant argues the Court lacked jurisdiction to conduct the criminal trial because the federal mail fraud statute is unconstitutional, both facially and as applied. (*See, e.g.*, Def.'s Mot. to Dismiss at 2, ECF No. 142.) Citing case law and legislative history from as far back as the 1800s, Defendant's Motion recounts the historical origins of the federal mail fraud statute, and argues the law has been fraught with issues since its inception. (*Id.* at 4-13.) Defendant further presents a plethora of disjointed claims, many of which are unintelligible to the Court, arguing, among other things, lack of a clear scienter requirement; Congress's and courts' failure to satisfactorily define "fraud," and improper capture of innocent conduct. (*Id.* 14-30.)

3

Defendant's as applied arguments appear to revive his prior—failed—argument that he did not commit fraud, but merely breached his contract. (*Id.* at 30-36.) *See, e.g., Cvjeticanin*, 704 F. App'x at 91 (holding Defendant's breach of contract argument was "frivolous"). Defendant also argues the federal mail fraud statute violates federalism and the Tenth Amendment. (Def.'s Mot. to Dismiss at 40-44.)

Defendant's Motions for a New Trial rely on allegedly newly discovered evidence. (Def.'s Mot. for New Trial I at 1-2, ECF No. 146; Def.'s Mot. for New Trial II at 4, ECF No. 147.) Among the several hundred pages of exhibits, Defendant submitted e-mail messages that he argues evinces that he disclosed to ADP that Flowerson was his personal advertising agency. (*See, e.g.*, Apps. B, D, ECF No. 146-2.) Defendant also submitted e-mail messages that he contends demonstrates his wife openly disclosed her married name and that he did not have a scheme to defraud. (*See, e.g.*, App. F, ECF No. 146-2.) Further, Defendant avers that the evidence demonstrates that the Government not only presented, but encouraged, perjured testimony at his trial. (*See, e.g.*, Mot. for New Trial I at 9-10; Mot. II at 4-6.)

Defendant's motions lack merit. Defendant's arguments regarding the constitutionality of the federal mail fraud statute are unpersuasive, and he fails to support his numerous, and often indiscernible, contentions with competent analysis or legal support. Further, Defendant's as applied argument fails, as this Court and the Third Circuit have already rejected it as frivolous. *See Cvjeticanin*, 704 F. App'x at 91. Defendant's arguments regarding federalism, the Tenth Amendment, and the separation of powers doctrine similarly fail as Defendant's conclusory allegations also lack competent legal analysis, and fail to undermine "[t]he federal government['s] . . . interest in protecting the United States mails from being used as an instrument of fraud." *United States v. Mariani*, 90 F. Supp. 2d 574, 579 n.1 (M.D. Pa. 2000).

Further, the Court finds Defendant failed to satisfy his "heavy burden" in establishing he is entitled to a new trial. *See Saada*, 212 F.3d at 216. Preliminarily, Defendant failed to establish that the evidence is, in fact, newly discovered. In fact, many of the e-mail messages Defendant sent were authored by either himself or his wife. Moreover, Defendant failed to demonstrate that his trial counsel could not have discovered the evidence sooner with due diligence, and Defendant's second Motion to Dismiss also wholly fails to address how the documents he submitted in support of his motion constitute new evidence.[5] Defendant also mischaracterizes the evidence, and the Court finds it is not of such a nature that it would probably produce an acquittal at a new trial. The Court, therefore, denies Defendant's Motions for a New Trial. The Court also denies Defendant's Motions to Expedite because Defendant's underlying motions lack merit.

Regarding Defendant's Motion to Correct PACER Entries, the Court grants Defendant's request to change the title of ECF No. 142 from "Motion to Stay" to "Motion to Dismiss." (*See* Def.'s Mot. to Correct, ECF No. 154.) The Court denies Defendant's request to correct his address on ECF and send e-mail messages of e-filings to his wife's address or, alternatively, mail all e-filings to his home address. (*See id.*) Although Defendant indicates that he wishes to receive electronic filings via the Court's electronic filing system, Defendant failed to recognize that such service requires him to waive his right to receive notice by first class mail. If Defendant consents to such waiver, the Court directs Defendant to submit correspondence to the Clerk's Office requesting to receive documents electronically.

---

[5] Defendant's Motions for a New Trial are also untimely under Rule 33(b)(2), which allows defendants to file a motion for a new trial for reasons other than newly discovered evidence "within [fourteen] days after the verdict or finding of guilty." Notwithstanding the timeliness of Defendant's submissions, Defendant's arguments are frivolous and lack merit.

5

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss, Motions for a New Trial, and Motions to Expedite are denied. (ECF Nos. 142, 145, 146, 147, 148, 150.) The Court grants in part and denies in part Defendant's Motion to Correct PACER Entries. (ECF No. 154.) The Court will issue an Order consistent with this Memorandum Opinion.

*MShipp*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE